IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE : | CIVIL ACTION NO. |
| LABORERS' DISTRICT COUNCIL : | |
| CONSTRUCTION INDUSTRY PENSION : | |
| AND ANNUITY FUND, LABORERS DISTRICT | |
| COUNCIL BUILDING AND CONSTRUCTION : | |
| HEALTH AND WELFARE FUND, : | |
| LABORERS' DISTRICT COUNCIL : | |
| PREPAID LEGAL SERVICES FUND, THE : | |
| LABORERS' DISTRICT COUNCIL : | |
| EDUCATION AND TRAINING/ : | |
| APPRENTICESHIP FUND, : | |
| THE LABORERS' DISTRICT COUNCIL : | |
| LABORERS' EMPLOYERS COOPERATION : | |
| AND EDUCATION TRUST, THE LABORERS' : | |
| PHILADELPHIA AREA LOCAL HEALTH : | |
| AND SAFETY FUND, LABORERS' DISTRICT : | |
| COUNCIL INDUSTRY ADVANCEMENT : | |
| PROGRAM, LABORERS' DISTRICT : | |
| COUNCIL OF THE METROPOLITAN AREA : | |
| OF PHILADELPHIA AND VICINITY, : | |
| and CONTRACTORS ASSOCIATION : | |
| of EASTERN PENNSYLVANIA : | |
| : | |
| P.O. Box 3700 : | |
| Philadelphia, PA 19123 : | |
| : | |
| Plaintiffs, : | |
| v. : | |
| : | |
| BRODERICK FAMILY LLC : | |
| 6101 Keystone Ave : | |
| Philadelphia, PA 19135 : | |
| : | |
| Defendant : | |

**COMPLAINT**

THE PARTIES

1.      Plaintiff, Board of Trustees of the Laborers' District Council Construction

Industry Pension Fund ("Pension Fund Trustees") manages and controls the Laborers' District Council Construction Pension Fund ("Pension Fund"), Ryan N. Boyer, Samuel Staten, Jr., James Harper, Jr.,  Esteban Vera, Jr., Malik Staten,  Benjamin J. Connors, David E. Panichi, Charles Seravalli, Joseph Martosella, Jr., and  Amy Hennessey are the current members of the Pension Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C.§ 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

2.     Plaintiff Pension Fund is a trust fund established and maintained pursuant provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, *as amended*, ("the LMRA"), 29 U.S.C.§186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C.§ 1002(3).

3.     Plaintiff Board of Trustees of the Laborers' District Council Building and Construction Health and Welfare Fund ("Building Health and Welfare Fund Trustees") manages and controls the above-said Fund.  James Harper, Jr., Ryan N. Boyer, Samuel Staten, Jr., Mark Freeman, Benjamin J. Connors, Amy Hennessey, David Panichi are the current members of the the Health and Welfare Fund Board of Trustees and are fiduciaries within the meaning of ERISA, 29 U.S.C.§ 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Health and Welfare Fund and its participants and beneficiaries.

4.     Plaintiff Building Health and Welfare Fund is a trust fund established and maintained pursuant to the provision of Section 302(c)(5) of the LMRA, 29 U.S.C.§ 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. § 1002(3).

5.     Plaintiff Board of Trustees of the Laborers' District Council Prepaid Legal

Services Fund ("Legal Services Fund Trustees") manages and controls the Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund"). Benjamin J .Connors, Joseph Martosella, Jr., Ryan Boyer, and Samuel Staten, Jr. are the current members of the Legal Services Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Legal Services Fund and its participants and beneficiaries.

6.       Plaintiff Prepaid Legal Services Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

7.       Plaintiff Board of Trustees of the Laborers' District Council Education and Training/Apprenticeship Fund ("Education Fund Trustees") manages and controls the Laborers' District Council Education and Training Fund ("Education Fund"). Stanley Sanders, James N. Harper, Jr, Anthony Moss, Samuel Staten, Jr., Benjamin J. Connors, Joseph Martosella, Jr., and Amy Hennessey are the current members of the Education Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. § 1132(a)(1)(3). Said Board of Trustees brings this action in its fiduciary capacity on behalf of the Education Fund and its participants and beneficiaries.

8.       Plaintiff Education and Training Fund is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C.§186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. § 1002(3).

9.       Plaintiff Board of Trustees of the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET Trustees") manages and controls the Laborers' District Council Laborers'-Employers Cooperation and Education Trust ("LECET").

Samuel Staten, Jr., James N. Harper, Jr., Ryan N. Boyer, Esteban Vera, Jr., Jonathan Morgan, James Davis, Amy Hennessey, Benjamin J. Connors, David Hoplamazian, Harry Moore and Jeremy Lichterman are the current members of the LECET Board of Trustees and fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. Section 1132(a)(1)(3).  Said Board of Trustees brings this action in its fiduciary capacity on behalf of LECET and its participants and beneficiaries.

10.    Plaintiff LECET is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C.§ 1002(3).

11.    Plaintiff Board of Trustees of the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund Trustees") manages and controls the Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund"). Samuel Staten, Jr., Esteban Vera, Jr. Ryan Boyer, James Harper, Jr., Jonathan Morgan, James Davis, Harry Moore, Jeremy Lichterman, David Hoplamazian are the current members of the Health and Safety Fund Board of Trustees and are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C. §1132(a)(1)(3).

12.    Plaintiff Laborers' Philadelphia Area Local Health and Safety Fund is a trust fund established and maintained for the purpose of providing health and safety benefits through qualified health and safety benefit programs.

13.    Each of the aforesaid Funds is a "multi-employer plan" under ERISA, 29 U.S.C. § 1002(37).  These Funds maintain their principal place of business in Philadelphia, Pennsylvania, with the exception of the Laborers' District Council Education and Training Fund, which maintains its principal place of business at 501 Lancaster Avenue, Exton, PA 19341.

14.    Plaintiff, Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("The Union" or "Laborers District Council") as an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining and sponsors and manages the Industry Advancement Program ("IAP") for the General Building Contractors Association.

15.    Defendant, Broderick Family LLC. a Pennsylvania corporation ("Defendant Employer") is an employer in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). and ERISA, 29 U.S.C. § 1002(5). Defendant Employer's last known address is 6101 Keystone Ave, Philadelphia, PA  19135.

<u>JURISDICTION AND VENUE</u>

16.    This Court has jurisdiction over the causes of action the Plaintiffs have against Defendant Employer pursuant to ERISA, 29 U.S.C. § 1132(a)(3), (d)(1) and 1145, and pursuant to Section 301(a) of the Labor Management Relations Act of 1947, *as amended*, 29 U.S.C. § 185(a), and supplemental jurisdiction over the related contractual state law claims of the GCA.

17.    Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. § 185(a); 29 U.S.C. § 1132(e)(2); and 28 U.S.C.§ 1391.  The above-identified Funds are administered by the above Boards of Trustees in this district; Defendant company executed a collective bargaining agreement with Plaintiff, Laborers' District Council and received labor within this district; and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

<u>COMMON FACTS</u>

18.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17.

19.    The aforementioned Funds are created and administered pursuant to the terms of Trust Agreements that are properly executed pursuant to state and local law.

20.    Defendant Employer has been signatory to, or otherwise bound by, a collective bargaining agreements between the Laborers' District Council, and the General Building Contractors Association ("GBCA") referred to as the General Building Agreement which set forth, *inter alia*, the wages, hours, and other terms and conditions of employment of laborers employed by the Defendant Employer since July 7, 2025 (General Building CBA).   The current General Building collective bargaining agreement effective May 1, 2023 to April 30, 2026 (Attached hereto and marked Exhibit A-1 (signature page for General Building CBA).

21.    The Agreement, pursuant to Article XVI (Agreement) automatically renews from year to year after its termination unless either party give notice in writing to the other party ninety (90) days prior to any expiration date of intention to terminate the agreement or to request a change in the terms or conditions thereof.  To date, neither party has given such notice of intention to terminate or to request a change in the terms or conditions thereof.

22.    Defendant Employer also agreed to abide by the terms of agreements and declarations of trust, as from time to time amended ("Trust Agreements"), pertaining to Plaintiff Fund and incorporated into the relevant Agreement. Throughout this Complaint, references to the Agreements include and incorporate the related Trust Agreements.

23.    Pursuant to said Agreements, Defendant Employer has an obligation to submit accurate remittance reports with corresponding contributions and deductions to the

Plaintiffs on the 25th day of the month following the month for which contributions are due or in accordance with the Delinquency policy which may be amended.

24.    Pursuant to said Agreements and by virtue of its consent to become bound by the terms and conditions of employment negotiated by and between the Association and the Union or to be bound by the terms and conditions of employment independently with the Union covering all work performed within the trade and geographical (territorial) jurisdiction of the Union, Defendant Employer is required to remit the contributions and deductions for all hours of work performed by its employees under the Agreements in the preceding month to the Plaintiffs.

25.    Despite demands to pay the contributions and deductions due to the Funds and/or to submit the required remittance reports, and notwithstanding its obligations as set forth above, the Funds have demanded an audit of payroll records consistent with *Central States Pension Fund v. Central Transport*, 472 U.S. 559 (1985).

26.    As a result of Defendant Employer violating its reporting, contribution and deduction obligations under the Agreements, the Plaintiffs have been forced to incur additional administrative and legal expenses in ascertaining the extent of Defendant Employer's violation and in attempting to correct the arrearage.

27.    As long as the delinquent contributions and deductions and accompanying costs, fines, liquidated damages and penalties remain unpaid and/or continue to accrue, the Plaintiffs lose the benefits of monetary income that would otherwise be realized if the contributions and deductions had been remitted by Defendant Employer in a timely fashion.

28.    Defendant Employer's continued violation of the Agreements irreparably injure the Funds.

## COUNT ONE

## ERISA CLAIM

29.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-28.

30.    Defendant Employer has failed to make contributions and deductions to the Plaintiffs in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

31.    Defendant Employer owes the Plaintiffs covered by the Agreements, which continue until proper termination, the amount of the unpaid contributions and deductions; accrued interest, audit fees, as well as liquidated damages, and attorneys' fees and costs. Defendant has not remitted contributions to Plaintiff since July 2025 to present.

32.    Plaintiff is required under law to credit all hours of Defendant employees performing work under the Agreements.

36.    Defendant Br is responsible for the amount Defendant Employer owes the Plaintiff ERISA Funds.

37.    Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiffs to seek equitable enforcement of the terms of the Agreements

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

(a)    that judgment be entered against Defendant Employer in favor of all Plaintiffs covered by the Agreements, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, attorneys' fees and costs, liquidated damages and penalties determined to be

due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions and deductions at the rate provided under §502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); an amount equal to the greater of (I) interest on the unpaid contributions or (ii) liquidated damages as prescribed by the plan, the collective bargaining agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action;

(b)    order, pursuant to the collective bargaining agreement, that Defendant Employer must accurately and timely submit all remittance reports, contributions and deductions that are due to the Plaintiffs during the time period the current Agreement is in effect;

( c) such other legal or equitable relief as the Court may deem appropriate.

COUNT TWO

DEMAND FOR AUDIT

38.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-37.

39.    Defendant Employer has failed to make contributions and deductions to the Plaintiffs as required by the Agreements in a period not barred by any applicable statute of limitations or similar bar.

40.    In addition, Defendant Employer has failed to submit accurate remittance reports during the period of at least July 7, 2025, to the present.

41.    Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work

performed by its employees under the Agreement is a breach of contract and subject to §301 of the LMRA, 29 U.S.C. § 185(a).

42.    The Plaintiffs covered by the Agreements have been damaged by the failure of the Defendant Employer to make contributions and deductions and submit accurate remittance reports as required by the Agreements.

43.    The Agreement authorizes the Trustees' auditors to audit the Employers bound by the Agreement.

44.    Defendant Employer continues to submit accurate remittance reports and/or contributions required under the Agreement.

45.    Unless an audit is performed, Plaintiffs will not have sufficient information or knowledge to plead the precise nature, extent and amount of Defendants' ongoing delinquency.

WHEREFORE, Plaintiffs request that this Court grant the following relief:

(a)    To Order Defendant Employer, its officers, employees, representatives and/or agents to permit any audit by the Plaintiffs' auditor of all records under the Defendant Employer's actual or constructive control and, in the absence of said records, to cooperate fully in alternative methods for the determination of work for which contributions are due;

(b)    to grant such other legal or equitable relief as this Court may deem appropriate and such other legal or equitable relief as this Court may deem appropriate.

1

Date: March 23, 2026                    By: */s/ Joel P. Trigiani*_____

Joel P. Trigiani, Esquire
Attorney I.D. No. 32268
P.O. Box 126
Villanova, PA 19085
Philadelphia, PA 19106
(267) 228-2183

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Joel P. Trigiani, Esquire, do hereby certify that on this 10 day of March, 2026, I caused a true and correct copy of the foregoing Complaint to be served upon the following persons:

Broderick Family LLC.
William Broaderick, Owner
6101 Keystone Ave.
Philadelphia, PA 19135

Nancy A. Walker, Secretary
Pennsylvania Secretary of Labor and Industry
1700 Labor & Industry Building
Harrisburg, PA 17120

Secretary of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Date:   March 23, 2026                    /s/ Joel P. Trigiani
                                          Joel P. Trigiani, Esquire
                                          *Attorney for Plaintiffs*

3